Sherry DANIEL, Plaintiff-Respondent,

v.

Ruben SPROUSE and Groendyke Transport, Inc., Defendants-Appellants.

No. 12251.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1982.

Edward V. Sweeney, Sweeney & Sweeney, Monett, for plaintiff-respondent.

Lynn Myers, Charles E. Fowler, III, Daniel, Clampett, Ritterhouse, Dalton & Powell, Springfield, for defendants-appellants.

GREENE, Presiding Judge.

Sherry Daniel sued Ruben Sprouse and Groendyke Transport, Inc. for damages she received as the result of a collision between an automobile driven by her and a tractor-trailer unit driven by Ruben, who was acting as an agent of Groendyke at the time. The jury returned a unanimous verdict in favor of Sherry in the sum of $25,000.

Ruben and Groendyke appeal. They contend 1) Sherry was negligent as a matter of law by failing to keep a careful lookout to the rear before starting a left turn, and hence their motion for a directed verdict at the close of Sherry's evidence should have been sustained; 2) the trial court erred in giving Instruction 4 because a) the allegation of violation of the rear-end doctrine submitted in the instruction was not supported by the evidence, and b) that part of the instruction submitting that if Ruben passed another vehicle within 100 feet of an intersection and was thereby negligent, was confusing, erroneous, did not submit a proper factual question for the jury, and violated Civil Rule 70.02(e).

Viewed in the light most favorable to support the jury verdict, the evidence at trial shows the following. On July 13, 1979, at about 2:30 a. m., Sherry was driving her automobile in a westerly direction on Highway 96 in Lawrence County, Missouri.

Sherry and four other girls had been to a concert in Springfield. It was necessary for Sherry to make a left turn off Highway 96 onto a county road in order to take Jill Landers, one of her passengers, home. Sherry was driving at a speed of approximately 50 miles an hour. Sherry did not know the exact location of the intersection where she was to make her turn. One of the girls told Sherry to slow down as "the turn was coming up." Sherry looked in the rear view mirror and saw lights "away back." She turned on her left-hand turn signal and "tapped" her brakes. She heard the turn signal "clicking", and saw the turn signal light blinking on the dash and on the outside.

■ She started across the center line to begin her turn, at which time the truck driven by Ruben struck her car "squarely in the rear." Sherry sustained injuries as a result of the collision. Ruben knew the intersection was there and knew he was trying to pass Sherry's car at the intersection when the collision occurred. Under these facts, whether Sherry was contributorily negligent in failing to take a second look to the rear before crossing the center line to start her turn was a jury question. *Wilkerson v. State Farm Mutual Automobile Ins. Co.*, 510 S.W.2d 50, 54–55 (Mo.App. 1974).

■ As to Instruction 4, the slight deviation of Sherry's automobile to the south, or left, prior to the collision did not render the rear-end doctrine inapplicable. *Witherspoon v. Guttierez*, 327 S.W.2d 874, 877–879 (Mo.1959). The collision occurred under circumstances which permitted the jury to draw an inference of negligence on the part of Ruben without proof of what act or omission on his part comprised the negli-

gence. *Mueller v. Storbakken*, 583 S.W.2d 179, 182 (Mo. banc 1979). The rear end doctrine submission was proper.

■ The third act of alleged negligence submitted in Instruction 4 was "defendant Ruben Sprouse passed another vehicle at or within 100 feet of an intersection." This was a non-MAI submission. Rule 70.02(e), V.A.M.R. provides:

"Where an MAI must be modified to fairly submit the issues in a particular case, or where there is no applicable MAI so that an instruction not in MAI must be given, then such modifications or such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts."

Ruben and Groendyke contend that the submission violates the rule in that it is confusing and misleading because it fails to designate the vehicle that Ruben passed and the intersection within 100 feet of which the collision occurred. This argument is devoid of merit. All of the evidence in the case was directed to Ruben attempting to pass Sherry at the intersection of Highway 96 and the county road in question.

We find no error in any action or ruling of the trial court. The judgment is affirmed.

All concur.